

**FILED**

**March 31, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:46 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Linda Lawson | ) | Docket No.   2016-02-0297 |
| | ) | |
| v. | ) | State File No. 32360-2016 |
| | ) | |
| HDK Industries, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

---

**Affirmed and Remanded-Filed March 31, 2017**

---

The employer in this interlocutory appeal questions the trial court's refusal to dismiss the employee's claim following a show cause hearing, asserting the employee failed to show cause as to why the case should not be dismissed based upon her failure to request a hearing in accordance with Tennessee Code Annotated section 50-6-239(a) and Tenn. Comp. R. & Regs. 0800-02-21-.12(1).  Finding the trial court did not abuse its discretion in refusing to dismiss the employee's claim, we affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Gregory Fuller, Brentwood, Tennessee, for the employer-appellant, HDK Industries, Inc.

Terry Risner, Mt. Carmel, Tennessee, for the employee-appellee, Linda Lawson

**Memorandum Opinion[1]**

Linda Lawson ("Employee") alleges she sustained injuries on April 22, 2016, arising primarily out of and occurring in the course and scope of her employment with HDK Industries, Inc. ("Employer"). Employee asserts she slipped and suffered an injury to her right leg and ankle.[2] She was taken to a hospital for medical treatment and administered a drug test, which was positive for oxycodone. Employer asserts it is a certified drug-free workplace and, relying on the presumption that her alleged intoxication was the cause of the accident as provided in Tennessee Code Annotated section 50-6-110(c)(1) (2016), denied Employee's claim and terminated her employment. Employee asserts the drug test results were incorrect and any positive result was due to her consumption of food that contained poppy seeds. Due to Employer's denial of the claim, Employee filed a petition for benefit determination on June 8, 2016.

The parties were unable to resolve their dispute through mediation, and on July 27, 2016, the mediator signed and dated a dispute certification notice.[3] For reasons that are not clear from the record on appeal, the dispute certification notice was not filed with the Clerk of the Court of Workers' Compensation Claims until January 25, 2017. On February 6, 2017, an order was entered requiring the parties to appear on February 28, 2017 "to show cause why this case should not be dismissed for failure to file a Request for Expedited Hearing or a Request for Scheduling Hearing within sixty (60) days of July 27, 2016, the date of issuance of the Dispute Certification Notice." On February 21, 2017, Employer filed a Motion to Dismiss and for Sanctions, asserting Employee had failed to appear for her deposition on February 17, 2017, which had been scheduled by agreement and for which a notice of deposition had been issued.

The trial court conducted the show cause hearing on February 28 and issued an order on the same date declining to dismiss Employee's claim.[4] The trial court noted that

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] There has been no hearing at which evidence was admitted addressing the facts of this claim. Accordingly, we have gleaned the facts from the documents submitted to the Bureau of Workers' Compensation, including the trial court's order under review and Employer's appellate brief.

[3] As hereafter noted, the mediator inadvertently dated the dispute certification notice "07/27/2017" rather than "07/27/2016."

[4] Although it is unclear from the order, it appears Employer's motion to dismiss was not heard at that time. The transcript of the hearing reflects the trial court instructed Employer to obtain dates mutually agreeable to the parties to address its Motion to Dismiss and for Sanctions. Subsequent to the show cause hearing and the trial court's February 28, 2017 order, Employer filed a notice of hearing, indicating its Motion to Dismiss and for Sanctions would be heard on March 30, 2017.

Employee had expressed her desire to pursue her claim and her intent to "file the appropriate paperwork to move the case forward." Stating that although the dispute certification notice was issued on July 27, 2016, but "was not filed with the Court until January 25, 2017," the trial court found Employee had shown sufficient cause as to why her claim should not be dismissed and ordered her to file a request for a hearing by March 9, 2017 or face dismissal of her claim.[5] Employer has appealed this order, asserting Employee's claim should have been dismissed due to her "failure to comply with the unambiguous language of [Tennessee Code Annotated section] 50-6-239(a) and Tenn. Comp. R. & Regs. 0800-02-21-.12(1)."

A trial court's decision whether to dismiss a claim after conducting a show cause hearing is reviewed under an abuse of discretion standard. As the Tennessee Supreme Court has observed,

> [d]iscretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. . . .
>
> To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions.

*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citations omitted). Moreover, we "presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (citations omitted). We will not substitute our judgment for that of the trial court and will find that the trial court abused its discretion only if it "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Id.* (citations omitted).

In this case, Employee has been less than diligent in pursuing her claim and cooperating with discovery, a point Employee's attorney readily acknowledged at the

---

[5] Employer had previously filed a motion to compel discovery, as Employee had failed to respond to certain of Employer's interrogatories and requests for production of documents and had failed to provide signed medical releases. In a separate order dated February 28, 2017, the trial court granted Employer's motion to compel.

show cause hearing. However, there is an ambiguity between the statute and the Bureau's regulations addressing the time period within which a request for a hearing is to be filed. The statute requires a party seeking further resolution of disputed issues to file a request for a hearing "[w]ithin sixty (60) days after issuance of a dispute certification notice by a workers' compensation mediator." Tenn. Code Ann. § 50-6-239(a) (2016). By contrast, the regulation adopted by the Bureau and cited by the trial court states that "[i]mmediately after a dispute certification notice has been *filed with the clerk*, either party seeking further resolution of any disputed issues shall file a request for hearing with the clerk . . . ." Tenn. Comp. R. & Regs. 0800-02-21-.12(1) (2016) (emphasis added).[6]

Furthermore, Tennessee Code Annotated section 50-6-236(d) (2016) provides that where parties to a mediation are unable to resolve any disputed issues, "the mediator shall issue a written dispute certification notice setting forth all unresolved issues" and "distribute a copy of the signed dispute certification notice to all parties." Tenn. Code Ann. § 50-6-236(d)(1)-(2). Thereafter, the parties are allowed a period of time to request amendments to the dispute certification notice, and in circumstances such as are presented in the instant case where no amended notice is signed by the mediator, "the initial dispute certification notice distributed to the parties . . . shall remain in effect." Tenn. Code Ann. § 50-6-236(d)(3)(C). Here, the mediator signed the notice and dated it "07/27/2017," which apparently should have read "07/27/2016." It notes that none of the parties submitted additional issues for inclusion in the notice and includes a second signature by the mediator dated August 5, 2016. However, as noted in the trial court's show cause order declining to dismiss Employee's claim, the dispute certification notice was not filed with the Clerk of the Court of Workers' Compensation Claims until January 25, 2017, some five and one-half months later. The show cause hearing was held just thirty-four days after the notice was filed with the clerk.

While it is clear that Employee failed to request a hearing within sixty days of the issuance by the mediator of the dispute certification notice, it is also clear that, at the time of the show cause hearing, Employee had not failed to file a request for hearing within sixty days of the date the dispute certification notice was filed with the clerk. Based upon the January 25, 2017 filing of the dispute certification notice with the clerk, we cannot conclude that the trial court abused its discretion is refusing to dismiss the case at the show cause hearing. Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

---

[6] Neither the parties nor the trial court addressed the conflict between the statute and the regulation and, beyond noting that the conflict exists, we decline to do so for the first time on appeal.


**FILED**

**March 31, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 9:46 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Linda Lawson | ) | Docket No.    2016-02-0297 |
| | ) | |
| v. | ) | State File No.  32360-2016 |
| | ) | |
| HDK Industries, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of March, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Terry Risner** | | | | | X | trisnerlaw@yahoo.com |
| **Gregory H. Fuller** | | | | | X | ghfuller@mijs.com |
| **Brian K. Addington, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov